**Detelin DRAGANOV, Plaintiff–
Appellant,**

v.

**State of WASHINGTON,
Defendant–Appellee.**

**No. 13–35391.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2014.*

Filed Oct. 21, 2014.

Detelin Draganov, Bellevue, WA, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument.

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM **

Detelin Draganov appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with state court proceedings involving Draganov. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

The district court properly dismissed Draganov's action because Draganov failed to allege facts sufficient to state a plausible claim for relief under any viable legal theory. *See Hebbe v. Pliler,* 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief). Moreover, the Eleventh Amendment bars Draganov's action against the State of Washington. *See Brooks v. Sulphur Springs Valley Elec. Coop.,* 951 F.2d 1050, 1053 (9th Cir.1991) (Eleventh Amendment immunity bars suits in federal court against a state by its own citizens).

We reject Draganov's contention, set forth in his notice of appeal, that the dis-

trict court's dismissal order improperly denied Draganov his right to a fair jury trial.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.